**Susan B. LONG, et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**No. CIV.A. 00–0211(PLF).**

United States District Court,
District of Columbia.

April 30, 2002.

---

Michael Edward Tankersley, Public Citizen Litigation Group, Washington, DC, for Plaintiffs.

Elizabeth Goitein, Anne L. Weismann, U.S. Dept. of Justice, Civil Division, Washington, DC, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

On November 19, 2001, defendant filed its third motion for summary judgment. Defendant's previous two summary judgment motions were withdrawn after plaintiffs discovered errors in the motions and demonstrated that they were entitled to certain information that was withheld by defendant. Each time defendant moved and was permitted to withdraw the dispositive motion, released additional information to plaintiffs, and filed a new summary judgment motion that purportedly corrected the previous errors. With respect to defendant's third and most recent motion for summary judgment, plaintiffs once again have discovered several factual errors. Defendant has conceded that these errors exist and has filed a motion for leave to supplement its motion for summary judgment. Plaintiffs oppose the motion to supplement and have filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

■ Despite the complexity of the plaintiffs' FOIA request and the sometimes contentious nature of this litigation, defendant has had ample opportunity to file a single motion for summary judgment without substantial errors so that the Court finally can address the merits of this litigation. To correct the errors in the latest motion for summary judgment, defendant has decided to move for leave to supplement the motion for summary judgment rather than to move to withdraw and refile the motion with the nec-

essary corrections. Defendant explains that in the interest of moving this litigation forward and based on its view that the errors contained in the motion were not extensive, supplementation of the motion seemed to be the best option. Defendant therefore has attempted to isolate the specific erroneous portions of the summary judgment motion and has explained how those portions of the motion should be corrected.

Because of the length of the motion for summary judgment with its many attachments, and the complexity of the issues raised, the Court concludes that the more logical approach at this juncture is for defendant to file a new motion for summary judgment correcting the errors identified by plaintiffs. Defendant also should make sure that other errors, if any, not identified by plaintiffs are identified and corrected before another motion for summary judgment is filed. Although there is nothing improper about defendant's motion for leave to supplement, the way in which the issues have been presented by defendant are confusing, and this confusion likely will be increased when plaintiffs file an opposition to the motion. It will be simplest to have one complete motion, with attachments, one opposition and one reply—without the need to cross-reference from document to document. The Court denies defendant's motion for leave to supplement the motion for summary judgment, will strike the November 19, 2001 motion for summary judgment, and will order defendant to refile its motion for summary judgment and supporting documentation.[1]

■ Plaintiffs have moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure because defendant's November 19, 2001 motion for summary judgment contains factual errors, and defendant did not withdraw the motion within the 21–day safe harbor period set forth in Rule 11(c)(1)(A).[2]

After the November 19, 2001 motion for summary judgment was filed, plaintiffs served defendant with its Rule 11 motion on December 17, 2001. Because of the upcoming holidays, defendant asked for and plaintiffs agreed to a one-week extension of the 21–day safe harbor period until January 14, 2002. On January 15, 2002, defendant filed a notice with the Court acknowledging the errors in its summary judgment motion and informing the Court and plaintiffs that it would be taking action to correct these errors. On January 18, 2002, defendant filed its motion to supplement the motion for summary judgment in order to correct the erroneous factual representations contained in the motion and supporting documentation. Plaintiffs contend that because defendant conceded that errors exist in the November 19 motion for summary judgment but chose not to withdraw the motion within the extended safe harbor period, defendant has violated Rule 11.

■ Despite the Court's frustration with the delays in this case and defendant's repeated errors that have contributed to those delays, defendant's actions do not warrant the imposition of sanctions under Rule 11. The Court has discretion to decide whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 403–05, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Rafferty v. NYNEX Corp.,* 60 F.3d 844, 851–52 (D.C.Cir. 1995); *see also* Fed.R.Civ.P. 11 Advisory Committee Notes to 1993 amendment at 93 (West 2002). Even though defendant filed its notice to the Court that it would correct the errors in the motion for summary judgment one day after the safe-harbor period expired on January 14, 2002 and the motion to supplement three days later, it neverthe-

---

1. Because defendant will be required to refile its motion for summary judgment and supporting documentation, the Court denies as moot plaintiffs' motion to show cause and compel the production of a *Vaughn* index and plaintiffs' motion to strike the declarations of Suzanne Little and John Garvey. Based on the representations in plaintiffs' conditional motion for leave to file a reply in support of the motion to strike these declarations, the Court denies this motion.

2. Defendant has filed a motion for leave to file a surreply to plaintiffs' motion for sanctions under Rule 11, and plaintiffs oppose defendant's motion. The Court has considered the arguments presented in defendant's surreply and therefore grants defendant's motion for leave to file a surreply.

less adequately met its obligation by candidly admitting that errors exist in the November 19, 2001 motion for summary judgment and attempting to correct the mistakes in its supplement to the motion for summary judgment before plaintiffs filed their motion for sanctions. *See* Fed.R.Civ.P. 11 Advisory Committee Notes to 1993 amendment at 93–94; *see also Harding Univ. v. Consulting Servs. Group*, 48 F.Supp.2d 765, 772 (N.D.Ill. 1999). The Court therefore concludes that this is not an appropriate case for the imposition of Rule 11 sanctions.[3]

Because the Court has denied the motion to supplement and is directing defendant to file a new motion for summary judgment, plaintiffs in effect are receiving the primary relief sought by their Rule 11 motion. Plaintiffs also request that the Court censure defendant in the hopes that a public reprimand from the Court will prevent future errors in motions filed by defendant. Given the history of this litigation, plaintiffs raise a legitimate concern, but the Court cannot censure defendant as a Rule 11 sanction since it has found that there has been no Rule 11 violation in the first place. It should be clear to defendant, however, that further delays created by erroneous factual representations in defendant's next motion for summary judgment may require the Court to revisit plaintiffs' motion for sanctions or consider even more drastic sanctions upon motion or *sua sponte*. The complicated nature of this litigation should not be an excuse for further errors, but rather should be an incentive for defendant, the Department of Justice, and its attorneys to adopt fail safe mechanisms to assure that its motion for summary judgment and supporting documentation are accurate and have a proper factual basis.[4] For this reasons, it is hereby

ORDERED that defendant's motion for leave to supplement its motion for summary judgment [97–1] is DENIED; it is

FURTHER ORDERED that defendant's November 19, 2001 motion for summary judgment [83–1] is STRICKEN; it is

FURTHER ORDERED that plaintiffs' motion for relief pursuant to Rule 11 of the Federal Rules of Civil Procedure [99–1] is DENIED; it is

FURTHER ORDERED that defendant's motion for leave to file a surreply [107–1] is GRANTED; it is

FURTHER ORDERED that plaintiffs' motion to show cause and to compel the filing of a *Vaughn* index [80–1] is DENIED as moot; it is

FURTHER ORDERED that plaintiffs' motion to strike the declarations of Suzanne Little and John Garvey [92–1] is DENIED as moot; it is

FURTHER ORDERED that plaintiffs' motion for leave to file a reply in support of its motion to strike declarations [108–1] is DENIED; it is

FURTHER ORDERED that plaintiffs' motion for discovery [92–2] is DENIED; and it is

FURTHER ORDERED that on or before May 17, 2002, defendant shall file its motion for summary judgment consistent with the instructions set forth in this Memorandum Opinion. Plaintiffs' opposition is due on or before June 7, 2002, and defendant's reply is due on or before June 17, 2002. Defendant's opposition to plaintiffs' motion for partial summary judgment is due on or before May

---

**3.** To the extent that plaintiffs argue that Rule 11 sanctions should be imposed because supplementation is not an appropriate method to correct the errors in the motion for summary judgment, *see* Rule 11(c)(1)(A), Fed.R.Civ.P., the Court concludes that plaintiffs have not met their burden of demonstrating that seeking supplementation rather than withdrawing the motion is sanctionable conduct. *See* Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 17(A)(5)(a) (3d ed.1994). The Court's decision to strike the November 19, 2001 motion for summary judgment is based on the need to frame the issues in a logical manner, not because defendant's decision to supplement was inappropriate and sanctionable conduct.

**4.** For this same reason, the Court denies plaintiffs' motion for discovery but may revisit this issue should defendant persist in filing motions with erroneous factual assertions.

**8**

17, 2002, and plaintiffs' reply is due on or before June 7, 2002.

SO ORDERED.