**Elouise Pepion COBELL,
et al., Plaintiffs,**

v.

**Gale A. NORTON, Secretary of the
Interior, et al., Defendants.**

**Civ.A. No. 96–1285(RCL).**

United States District Court,
District of Columbia.

Nov. 12, 2002.

Lorna K. Babby, Dennis Marc Gingold, Elliott H. Levitas, Kilpatrick Stockton, LLP, Keith M. Harper, Washington, DC, Robert Meyer Peregoy, Ronan, MT, for plaintiffs.

Robert D. Luskin, Patton Boggs LLP, Tom C. Clark, U.S. Department of Justice, Land & Natural Resources Division, Susan Virginia Cook, Brian L. Ferrell, Andrew M. Eschen, Charles Walter Findlay, III, Sarah D. Himmelhoch, John Charles Cruden, JoAnn Shyloski, Barry Weiner, Terry M. Petrie, U.S. Department of Justice, Environment & Natural Resources Division, Sandra Marguerite Schraibman, Henry A. Azar, Jr., U.S. Department of Justice, Federal Programs Branch, Connie S. Lundgren, Edith R. Blackwell, U.S. Department of Interior, Lewis Steven Wiener, Sutherland, Asbill & Brennan, L.L.P., J. Christopher Kohn, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, John Warshawsky, John J. Siemietkowski, U.S. Department of Justice, Commercial Litigation Branch, Mark E. Nagle, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Attorney's Office, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, John Stemplewicz, Phillip Martin Seligman, Michael John Quinn, Gino D. Vissicchio, John R. Kresse, Timothy E. Curley, Tracy Lyle Hilmer, Dodge Wells, U.S. Department of Justice, Civil Division, John S. Most, U.S. Department of Justice, Trial Attorney, General Litigation Section, Environment & Natural Resources Division, Herbert Lawrence Fenster, McKenna Long & Aldridge, LLP, Elizabeth Wallace Fleming, B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, for defendants.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on defendants' motion for sanctions under Rule 11 [1397], which alleged that plaintiffs' attorney Dennis Gingold submitted a false or misleading affidavit in support of a fee application submitted by plaintiffs. Instead of filing an opposition brief, plaintiffs moved for a stay of the Rule 11 motion [1413] until this Court had ruled on their fee application. Having issued this date an opinion and order on the fee application, the Court now turns to defendants' Rule 11 motion. Upon consideration of defendants' motion and subsequent filings in this case, the Court finds that defendants' motion should be denied.

It may seem an unusual step to deny a motion without having provided the opportunity for opposition and reply briefs to have been filed. In this instance, however, the Court has been more than adequately briefed on the issue, courtesy of defendants' motion itself, defendants' motion for leave to file a surreply brief regarding the fee application [1329], plaintiffs' response thereto [1336], and defendants' reply brief [1353]. The Court also seeks, as much as possible, to minimize the amount of resources expended upon collateral litigation. This is especially true in

this instance, in which the Court is called upon to decide an issue that is collateral to what was already a collateral matter in this case.

The facts surrounding this matter are quite simple. However, because the heart of defendants' challenge is the allegedly false or misleading nature of affidavits filed by plaintiffs, the language of those affidavits must be presented at some length. After defendants filed two unmeritorious motions for protective orders, this Court ordered them to pay "all reasonable expenses, including attorneys' fees, arising from [plaintiffs'] opposition" to the two motions. It also ordered plaintiffs to submit an application for fees and expenses incurred, which they filed on April 29, 2002. Included with the application was an affidavit signed by Gingold ("the 2002 affidavit"). Paragraph 6 of this affidavit stated:

> Through December 31, 1999, my billing rate had been $325 an hour, plus 15% for overhead ... This is the same rate that I had billed for my time since 1989. After more than 10 years at this rate, on January 1, 2000, I changed my billing rate to be more in line with—but still less than— attorneys with my expertise, $425 per hour generally, and $475 for trial, hearing, or deposition time.... [T]he few clients other than the *Cobell* plaintiffs that I have been able to continue to provide limited professional services have confirmed my engagement on these terms. For these reasons, I believe this rate is fair in the current market.

Gingold appended a series of monthly time records to the 2002 affidavit, each of which contained an explanatory header, e.g., "December 2001 Trade Secrets Sanctions Billing Statement" or "July 2000 E–Mail Sanctions Billing Statement."

In their opposition brief, defendants observed that the 2002 affidavit seemed to contradict an assertion that Gingold had made in an affidavit filed with this Court, which was dated April 2, 1999 ("the 1999 affidavit"). In the 1999 affidavit, Gingold declared:

> Through June 5, 1998, my billing rate was $325 an hour, plus 15% for overhead. This is the same rate, I have billed since 1989. For this reason, I believe this rate is con-

servative in the current market. One hundred and twenty-five dollars of that amount was deferred, so that on a current basis I billed at $200 per hour plus 15% overhead. After June 5, 1998, my fee arrangement was for $200 per hour plus 15% overhead, with no deferred fee and instead, as the Court was advised last summer, a fee to be applied to an appropriate time under the "common fund doctrine."

Defendants asserted that Gingold had "inexplicably—and misleadingly" failed to mention the 1999 affidavit in the fee application.

Plaintiffs' reply brief included a supplemental affidavit signed by Gingold ("the supplemental affidavit"). This affidavit included language slightly different from paragraph 6 of the 2002 affidavit:

> Through December 31, 1999, my billing rate had been $325 an hour, plus 15% for overhead ... This is the standard hourly rate that I generally had billed and collected since 1989. After more than 10 years at this particular rate, on January 1, 2000, I changed my standard hourly rate to address materially increased responsibilities and to be more in lien with attorneys who possess comparable expertise and assume similar responsibilities in complex financial matters such as this: $425 per hour generally, and $475 for trial, hearing, or deposition time. I attach as Gingold Exhibit 1, two engagement letters ... that reflect my current rate and other terms in further support of the rates stated in plaintiffs' fee application, confirming that such rates are fair and reasonable in the current market.

Plaintiffs' response to defendants' motion for leave to file a surreply brief noted the apparent discrepancy, but explained that

> the paragraph from the 1999 Gingold affidavit pertains to Mr. Gingold's fee agreement with the clients *in this litigation* whereas the paragraph in the recent Gingold affidavit pertains to Mr. Gingold's client base *in general* over the years. They are simply addressing two separate concepts. [emphasis in original]

Plaintiffs also declared that "[n]othing required Mr. Gingold to include a paragraph in his affidavit concerning his actual fee agree-

**10**

ment with his clients in this litigation, and, indeed, that information is of limited importance."

■ As this Court has previously stated, the purpose of Rule 11 of the Federal Rules of Civil Procedure is to "protect the court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 157 F.Supp.2d 82, 86 n. 8 (D.D.C.2001). As such, the Court has the discretion to determine both "whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation." *Long v. U.S. Dep't of Justice*, 207 F.R.D. 4 (D.D.C. 2002) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403–05, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) and *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 851–52 (D.C.Cir. 1995)).

■ This Court finds that no violation of Rule 11 has occurred in this instance. Had Gingold represented in the 2002 affidavit that the rates at which he sought compensation were the rates at which he bills plaintiffs, it would be a different matter. But Gingold made no such representation in the 2002 affidavit. Instead, in paragraph 6 of that affidavit, Gingold represented—correctly—that the listed rates represented his general billing rates. Defendants' construction of this paragraph is rendered nonsensical by Gingold's statement that $325 an hour is "the same rate that I had billed for my time since 1989." This language makes it clear that Gingold was not discussing the rates at which he bills plaintiffs—the present litigation, after all, did not commence until 1996. Gingold's mention of other clients who "have confirmed [his] engagement on these terms" also makes it clear that a general billing rate is being discussed.

Defendants also claim that the inclusion of "what purport to be monthly 'Billing Statements'" following the 2002 affidavit made it impossible to understand the affidavit as referring to anything but Gingold's fee arrangement with plaintiffs. The problem is that Gingold never represented these time records to be copies of billing statements sent to plaintiffs. The 2002 affidavit refers

to them only as "tabulations and my time records for work that I believe to be allocable fairly to matters covered by the subject sanctions orders." No reasonable person would believe that an attorney would regularly send a client monthly billing statements bearing headings such as "February 2000 E–Mail Sanctions Billing Statement"or "April 2002 Trade Secrets Sanctions Preparation Statement." No reasonable person would think that a client in a massive class action litigation would be sent a statement that organizes the hours billed for the month according to such a minute subcategory. The much more logical conclusion would be that the attorney had compiled a series of time records using a standard billable-hours software program that automatically inserted the name of the client and the matter on which the client was being represented.

The Court finds no evidence that Gingold violated Rule 11 of the Federal Rules of Civil Procedure. Accordingly, it is hereby

ORDERED that defendants' motion for sanctions under Rule 11 [1397] be, and hereby is, DENIED. It is further

ORDERED that plaintiffs' motion for a stay of the Rule 11 motion [1413] be, and hereby is, DENIED as moot.

SO ORDERED.